The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Tamara R. Nance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is 43 years old. He obtained his GED when he served in the Navy in the early 1970's. After the Navy plaintiff worked as a stock man and at PPG edging glass before going to work as a truck driver.
2. Plaintiff was employed by defendant-employer as an over-the-road truck driver. This job involved heavy lifting, frequent climbing, and prolonged sitting through what was oftentimes a bumpy ride.
3. On 15 April 1991 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he slipped as he was climbing across some equipment that was loaded on his truck. Shortly thereafter he began to experience pain in his low back radiating down his right leg with numbness.
4. Plaintiff initially treated with Dr. Classen, an orthopaedic specialist. MRI study conducted on 15 April 1991 showed a possible HNP at L5-S1, so plaintiff was referred to Dr. Hardy, a neurosurgeon.
5. Further testing in 1991 by Dr. Hardy and Dr. Tomaszek, also a neurosurgeon, was essentially normal, except for degenerative disc disease, and both doctors concluded plaintiff was not a candidate for surgery. When Dr. Tomaszek exhausted conservative treatment, he referred plaintiff to Dr. Maier for management of his chronic pain problem.
6. After working with plaintiff from November 1991 to December 1992, Dr. Maier concluded that he had nothing further to offer plaintiff and recommended that plaintiff return to work and "work through" the continued pain which plaintiff felt was still disabling. Dr. Maier did, however, refer plaintiff back to Dr. Tomaszek since Dr. Tomaszek had apparently previously raised with the plaintiff the possibility of a fusion.
7. When plaintiff returned to Dr. Tomaszek on 26 January 1993, he recommended a discogram to check for the possibility of internal disc disruption. Defendants refused to pay for the discogram, yet plaintiff underwent the test anyway. The discogram revealed a diffuse HNP at L5-S1. Based on these results, Dr. Tomaszek recommended and subsequently performed on 15 August 1993 a bilateral L5-S1 laminectomy and posterolateral fusion with implantation of a bone stimulator.
8. By letter dated 1 April 1993 plaintiff requested Industrial Commission approval for treatment by Dr. Tomaszek. Plaintiff requested Industrial Commission approval for treatment by Dr. Tomaszek within a reasonable time.
9. Plaintiff's symptoms improved following the surgery and he was fused in six months. He underwent physical therapy and reached maximum medical improvement on 22 June 1994.
10. A discogram is an accepted diagnostic tool. It is not unheard of or even that unusual that a discogram might identify a problem that had been missed on myelogram, CT-Scan or MRI.
11. The ruptured L5-S1 disc picked up on discogram in January 1993 was caused by plaintiff's fall on 15 April 1991.
12. Dr. Tomaszek's treatment of plaintiff in 1993 and 1994, including the fusion surgery and the discogram, was reasonable and necessary to effect a cure, give relief, and lessen the period of plaintiff's disability.
13. As a result of the injury of 15 April 1991 plaintiff was unable to earn the same wages he was earning at the time of the injury in the same employment as a trucker, from the date of last payment to 22 June 1994 when he reached maximum medical improvement.
14. After he reached maximum medical improvement plaintiff remained incapable of earning any wages as a trucker, but he did retain the capacity to return to work in a sedentary or light job. However, in light of his education and prior work experience, he requires vocational assistance to train him for, and/or place him in, a sedentary/light job. Defendants have not offered him such a position, and at the time of the hearing plaintiff had not yet been released by Dr. Tomaszek to return to work, so plaintiff had not looked for work and there is no evidence as to his ability to find suitable work on his own, or the general availability of such work for plaintiff.
15. After reaching maximum medical improvement in June 1994 plaintiff remained unable to earn the same wages he was earning at the time of the injury in the same or any other employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the injury of 15 April 1991, plaintiff suffered a ruptured disc at L5-S1 which was not diagnosed until January 1993 and which thereafter required fusion surgery.
As a result of the injury of 15 April 1991, plaintiff is and has been since date of last payment totally disabled and therefore entitled to ongoing benefits under G.S. § 97-29.
2. Inasmuch as the treatment plaintiff received from Dr. Tomaszek in 1993 and 1994 was reasonable and necessary to effect a cure, give relief, and lessen the period of disability, and further inasmuch as plaintiff requested Industrial Commission approval for that treatment within a reasonable time, defendants shall be responsible for paying all bills incurred by plaintiff for treatment by Dr. Tomaszek. Braswell v. Pitt County MemorialHospital, 106 N.C. App. 1 (1992).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall continue to pay plaintiff weekly benefits under G.S. § 97-29 at the rate of $290.04 per week commencing as of the date of last payment and to continue until further Order of the Industrial Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff for treatment of the involved injury, including expenses incurred for treatment by Dr. Tomaszek, the discogram and the fusion surgery, when bills for the same have been submitted to and approved by the Industrial Commission. Furthermore, inasmuch as plaintiff's injury occurred in 1991, long before the recent enactment of G.S. § 97-25.1, his claim for future medical benefits is unaffected by that recent enactment and is controlled by the ruling in Hyler v. GTE Products, 333 N.C. 258 (1993).
3. Defendants shall pay the costs.
4. Plaintiff's attorney is entitled to a fee of 25 percent of the compensation awarded herein, which amount shall be deducted from the lump sum due plaintiff and paid directly to his attorney. In addition, every fourth compensation check shall be forwarded directly to plaintiff's attorney for the balance of his fee.
5. Defendants shall pay an expert witness fee of $250.00 to Dr. Whitehurst.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/CNP/tmd 5/8/95